## DONNELLY v. THE CEDAR RAPIDS INS. Co.

1. **Fire Insurance**: APPLICATION FILLED BY AGENT: FALSE STATE-
MENTS NOT AUTHORIZED BY THE ASSURED. Where an insurance com-
pany furnishes a soliciting agent with blank applications, it must be
assumed that he is vested with power to fill up the applications in
accordance with information furnished him by the applicant; but if
he fills up an application signed in blank by the applicant, according to
his own knowledge, or upon information obtained from others than the
applicant, and thereon a policy is issued and delivered by the company,
and the premium paid by the applicant, the company cannot, in the
absence of fraud, defeat an action on the policy on account of false
statements in the application.

2. ———: ———: ———: ESTOPPEL BY SILENCE. In such case the
assured is not estopped from relying on his ignorance of the false state-
ments contained in the application because of the fact that a copy of the
application was attached to the policy, and he failed to notify the com-
pany that the statements were not true. Section 2, chap. 211, Laws of
1880, does not have that effect.

*Appeal from Cedar Circuit Court.*

MONDAY, JUNE 21, 1886.

ACTION on a policy of insurance against loss or damage by
fire. Trial by jury, and judgment for the plaintiff. The
defendant appeals.

*Deacon & Smith*, for appellant.

*Wolf & Landt* and *Piatt & Carr*, for appellee.

SEEVERS, J.—The property insured consisted of a house
and certain personal property therein. The application for
the policy, which was signed by the plaintiff, contained certain
statements which were made warranties, and among them
were the following: That the house was of the cash value of
$3,000; that it was built in 1872; and certain additions
thereto were constructed in 1880; and that there was $500 in-
surance in another company on the personal property. The
jury found specially that the value of the house was $2,000

and that it was originally constructed in 1844, and rebuilt in 1865 or 1866, and the additions at a later date. It is not claimed that there was any insurance in another company. Under these findings, it must be conceded that the foregoing statements were false. The jury further found specially that the plaintiff signed the application in blank, and left it with the agent, Hersey, and that the latter filled up the application, and wrote out the answers to the questions contained therein,. basing the same on his own investigation and knowledge. The only evidence tending to show the power and authority of the agent was contained in the certificate of agency; and that empowered him to "solicit applications for insurance, * * * and forward the same, together with the entire consideration therefor, whether in notes or money, to the secretary of the company."

I. Counsel for appellant insists that the application is a part of the contract, and that, as it is in writing, any evidence which tended to contradict or vary it in any material respect was inadmissible; and it is further contended that, as the statements in the application are false, the plaintiff cannot recover. On the other hand, counsel for the appellee contend that the plaintiff is not bound by false statements in the application, for the reason that he never made them; but that, as to the defendant, they must be regarded as true, because they were written and made by its own agent, when acting within the apparent scope of the authority with which he was vested.

1. FIRE insurance: application filled by agent; false statements not authorized by the assured.

It will be conceded that the agent was a soliciting agent only, and that he had no power to bind the defendant by any contract he might make. But he made no contract. All that he did was to solicit insurance, and fill up a blank application furnished him by the company. Where an insurance company appoints an agent to solicit insurance, and furnishes him with blank applications, it must be assumed that he is vested with the power to fill up the

application in accordance with information furnished him by the applicant; and such is the usual practice. For this purpose he is the agent of the company, and if, instead of obtaining the requisite information from the applicant, he obtains it from others, or fills up the application in accordance with his own knowledge and information, and thereon a policy is issued and delivered by the company, and the premium paid by the applicant, the company is bound by the statements in the application, and the assured is not, in the absence of fraud. It will be conceded that the defendant, when it issued the policy, believed that the plaintiff had furnished the information contained in the application, and that, if it had known the facts, it would not have entered into the contract of insurance. But this is immaterial, because the deception was practiced by its own agent, and not by the plaintiff. The foregoing views are sustained by *Bartholomew v. Merchants' Ins. Co.*, 25 Iowa, 507; *Hingston v. Ætna Ins. Co.*, 42 Id., 46; *Boetcher v. Hawkeye Ins. Co.*, 47 Id., 253.

Counsel are mistaken in the assumption that parol evidence was introduced for the purpose of contradicting the written contract. The force and effect of the statements in the application are in no respect impaired, but, under the circumstances disclosed in evidence, the defendant is estopped from setting up their falsity as a defense to this action. It therefore follows that the instructions asked by the defendant were properly refused, and those given by the court bearing on the question under consideration we deem to be substantially correct.

We understand it to be insisted that the evidence shows the application was, at least partially, filled up by the agent in the presence of the plaintiff, and in accordance with information furnished by him, and that, therefore, the finding of the jury is against the evidence in this respect. We have read the evidence with care, and deem it sufficient to say that we cannot interfere with the special findings.

II.	Section 2 of chapter 211 of the Laws of 1880 (Miller's Code, 299) provides when any policy of insurance is issued or renewed, the company shall indorse thereon a true copy of the application, but that the omission to do so shall not render the policy invalid. If, however, the company neglects to do so, it shall be precluded from pleading or proving such application, or the falsity thereof; and the assured shall not be required, in order to recover, to plead or prove such application, but may do so at his option.

2. —— : —— : —— : estop-
pel by
silence.

A copy of the application was attached to the policy in question, and therefore counsel for the appellant insist that the plaintiff was bound to know what representations were contained in the application; and as the same were false, and as he failed to notify the company of such falsity, that he is now estopped from relying on the fact that he signed the application in blank, and had no knowledge of the representations therein made. In our opinion, the statute should not be so construed, for the reason that, in order to recover, the assured is not required to prove that the statements therein contained are true. This being so, he was not required, nor had he any occasion, to examine the copy of the application indorsed on the policy.

The view taken of this case renders it unnecessary to consider several errors discussed by counsel, and, in our opinion, the plaintiff, under the special findings of the jury, was clearly entitled to recover, and no prejudicial error was committed by the court.

AFFIRMED.