[S. F. No. 1146. Department One.—July 18, 1898.]

## MARY I. BERLINER, Respondent, v. TRAVELERS' INSURANCE COMPANY, Appellant.

LIFE INSURANCE—DELIVERY OF POLICY—WAIVER OF PAYMENT OF FIRST PREMIUM.—The general agent of a life insurance company may waive the payment of the first premium and deliver the policy, and thereby make it a valid and subsisting contract of insurance, notwithstanding the provision in the policy that it shall not take effect until the first premium is paid while the insured is in good health.

ID.—POSSESSION OF POLICY — PRIMA FACIE EVIDENCE — BURDEN OF PROOF—QUESTION FOR JURY.—The possession of the policy by the insured, or by the beneficiary, is *prima facie* evidence of its delivery as a valid and subsisting contract, and the burden of overcoming the *prima facie* case made by the production of the policy by the plaintiff, in an action to enforce it, rests upon the insurance company. Whether the defendant's evidence did or did not overcome the *prima facie* case thus made by the plaintiff, was for the jury to determine.

ID.—PROOF OF WAIVER—SUPPORT OF VERDICT.—A verdict of the jury against the insurance company, which necessarily includes a finding that the policy was a valid and subsisting contract of insurance, is sufficiently supported by evidence that the first quarterly premium on the policy was charged to the general agent of the company, and that the waiver of advance payment was a purely personal matter with him; that the policy was delivered by him to the insured with the understanding that he could not then make payment; that payment was not thereafter requested, and no inquiry was made about

the policy for more than two months and until after the death of the insured; that the insured was informed by the general agent, in answer to his inquiry, that he could travel in Mexico under the policy without securing a permit, and that he died as the result of a railroad accident during such travel. These facts constitute evidence of a waiver of the first payment, sufficient to support the verdict of the jury, notwithstanding the counter testimony of the general agent that there was no such waiver, and that the delivery of the policy was only for examination.

ID.—PLEADING — PAYMENT — ACCEPTANCE OF PERFORMANCE — EVIDENCE — WAIVER.—Where the complaint alleged payment of the premium by the insured, and also that the insured· performed all the conditions on his part, and defendant accepted performance thereof, and delivered the policy, the pleading is sufficient to justify evidence of a credit and waiver of advance payment. It was only necessary specifically to allege and prove the delivery of the policy as an execution contract; and under the general allegation of performance of condition, proof of a waiver is admissible without alleging the waiver.

ID.—APPLICATION—SUFFICIENCY OF COMPLAINT.—The complaint upon the policy is not objectionable for not setting out the application upon which it was issued, if it contained no condition precedent that it was necessary to aver and prove, except in relation to payment of the premium, which condition was also set out in full in the policy pleaded, and proper allegations were made thereon, and denied in the answer; and an objection to proof of the policy and application because the application was not pleaded, is untenable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.

Olney & Olney, for Appellant.

Daniel Titus, for Respondent.

HAYNES, C.—The plaintiff brought this action against the defendant to recover upon two policies of insurance, the first cause of action being upon an accident policy, and the second upon a life policy, each issued to George Berliner, and each policy being payable to the plaintiff (then the wife, now the widow, of the insured) in case of his death. Upon the trial the plaintiff was nonsuited upon the first cause of action, and had a verdict and judgment upon the second cause of action based:

upon the life policy. The plaintiff appealed from the judgment of nonsuit upon the first cause of action (S. F. No. 1048), and the defendant takes this appeal from the judgment against it on the life policy, and from an order denying its motion for a new trial. These appeals are separate and are separately considered.

The defendant is a corporation having its principal or home office at Hartford, Connecticut. W. W. Haskell is and was its general agent at San Francisco. Mr. Berliner made his application for insurance to Mr. Haskell, who forwarded it to the home office, and the policy was there made and sent to Mr. Haskell. It bore date at Hartford, June 25, 1895, and was received by Mr. Haskell July 1st. Among other things, the policy contained this provision: "This policy shall not take effect unless the first premium is paid while the insured is in good health"; and the application for the policy, signed by Berliner, contained the following: "That the policy applied for shall not take effect unless the advance premium is paid while I am in good health."

Mr. Berliner and Mr. Haskell had adjacent offices in the Mills building, and were personal friends. Berliner was a mining expert, and the general manager of the International Gold Syndicate in which Mr. Haskell was a stockholder. About August 20, 1895, Mr. Berliner and S. W. Ferguson left San Francisco and went to Mexico, where Mr. Berliner died on September 17, 1895, from injuries received in a railroad accident.

The defense to the action is that the premium on said policy was never paid, that its payment was not waived, that the policy was never delivered, and for these reasons never took effect as a contract between the parties; and it is contended that the verdict of the jury, which necessarily includes a finding that the policy was a valid and subsisting contract of insurance at the time of Mr. Berliner's death, is not justified by the evidence.

That the general agent of defendant could waive the payment, deliver the policy, and thereby make it a valid and subsisting contract of insurance, notwithstanding the provision that it should "not take effect unless the first premium is paid while the insured is in good health," is well settled and is not disputed. (*Griffith v. New York etc. Ins. Co.,* 101 Cal. 117; *Farnum v*

*Phoenix Ins. Co.,* 83 Cal. 246; 17 Am. St. Rep. 233.) Nor is it questioned that possession of the policy by the insured or by the beneficiary is *prima facie* evidence of its delivery as such valid and subsisting contract. The policy was produced by the plaintiff and put in evidence, and there being no controversy as to the death of the insured, or as to the identity of the plaintiff as the beneficiary named in the policy, a *prima facie* case was made, and the defendant's motion for a nonsuit was properly denied. At this stage of the case, if the defendant had refused to introduce any evidence, a verdict for the plaintiff could have been properly directed, and, if so, it cannot be said that the verdict afterward rendered is without evidence to support it. The burden of overcoming the *prima facie* case made by the plaintiff rested upon the defendant, and whether defendant's evidence, afterward introduced, did or did not overcome plaintiff's *prima facie* case was for the jury to determine. A *prima facie* case may of course be overcome by evidence of so clear and convincing a character as to require the trial court, in the proper exercise of its discretion, to set the verdict aside and grant a new trial. A new trial was denied by the court below in this case, and we think the court did not err, so far, at least, as that ground of the motion is concerned. It is true Mr. Haskell testified that the premium was not paid, that no arrangement had been made for credit, that payment had not been waived, and that the delivery of the policy was for the purpose of examination and not as an absolute or unconditional delivery. The policy, however, was received by Mr. Haskell about July 1st, and the plaintiff testified that she received it about eight or nine days after that date. The policy was not reported to the home office until after Mr. Berliner's death, either as a paid or unpaid policy. Mr. Berliner and Mr. Ferguson left San Francisco for Mexico about August 20th, and a day or two before their departure both inquired of Mr. Haskell whether traveling in Mexico would make their policies void, and were told that it would not. Upon this point Mr. Haskell testified explicitly. "Q. In that conversation did Mr. Berliner ask you concerning this policy, if he traveled in a foreign country it would void it? A. I remember of his talking with me about traveling in Mexico, and I told him if he resided in Mexico he

would have to have a permit from any life company, as well as mine; but to travel through there, the life policy would cover there as well as any place."

This inquiry of Mr. Berliner plainly implied an understanding or belief on his part that the policy was delivered to him and was in force, and that his doubt only related to the effect that traveling in Mexico might have upon it, and must have been so understood by Mr. Haskell. It is therefore incredible, if the premium had not been paid, or credit given by some understanding or agreement, express or implied, that instead of informing him that his policy was not in force, and that he was laboring under a misapprehension, he permitted him to go upon his journey with the assurance of its validity. There can be no mistake or failure of memory on the part of Mr. Haskell as to this conversation, as it is testified to by Mr. Ferguson and Dr. Bird, who were both present. Without laying too much stress upon the corroborating circumstances that Mr. Haskell and Mr. Berliner were intimate and confidential friends, that from as early as July 10th until after Mr. Berliner's death, more than two months thereafter, no inquiry was made about the policy by Mr. Haskell, or any request for its return, the evidence is ample to sustain the verdict, notwithstanding the testimony of Mr. Haskell that the delivery of the policy was only for the purpose of examination, and that the premium was not paid nor its payment waived. The waiver of payment was a purely personal matter with Mr. Haskell. When policies were prepared at the home office the first premiums were charged to Mr. Haskell, and these charges could only be canceled by payment or by the return of the policy. The premium on this policy was payable quarterly (amounting to forty-seven dollars and forty-eight cents), and Mr. Haskell was informed by Mr. Berliner at the time the policy was handed to him that he could not pay for it then, and Mr. Haskell testified that he knew he could not; and there was no evidence that payment was afterward requested. These facts, taken in connection with Mr. Berliner's inquiry as to the effect his traveling in Mexico might have upon the policy, and Mr. Haskell's reply thereto, constitute evidence of a waiver of payment that could not be well made more conclusive save by an express admission of the fact.

It is also contended that evidence of a waiver of payment was not admissible under the complaint; that payment of the premium is alleged, and that if the policy was delivered without payment the facts showing that defendant was estopped from relying upon the failure to pay should have been alleged.

It is true that payment is alleged, but it is also alleged that the insured performed all the conditions on his part, and defendant accepted performance thereof and delivered the policy. This was certainly sufficient as a pleading, and the policy having been delivered it is immaterial, so far as plaintiff's right to recover is concerned, whether the premium was paid or a credit given, the delivery of the policy as an executed contract being all that it was essential to allege or prove. In *Richards v. Travelers' Ins. Co.*, 89 Cal. 170, 23 Am. St. Rep. 455, it was objected that the complaint did not aver notice and proofs of death as required by the policy; but this court held that the averment that "plaintiffs have duly complied with all the terms and conditions of said policy and renewal by them, or either of them, to be kept or performed," was a sufficient pleading of conditions precedent; and in May on Insurance, section 589, it is said: "The weight of authority seems to be that, under an allegation of the performance of a condition, proof of a waiver is admissible without alleging the waiver." Besides, the answer denied a waiver, and therefore treated it as though alleged.

The defendant objected to the sufficiency of the complaint upon the ground that it set out the policy but did not set out the application upon which it was issued, and also objected to the admission in evidence of the policy and application upon the same ground. As the application contained no condition precedent which it was necessary for the plaintiff to aver or prove, except that in relation to the payment of the premium, which condition was also stated in the policy which was set out in full, and proper allegations made thereon and denied in the answer, defendant's objections were properly overruled. This conclusion is not inconsistent with the case of *Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, cited by appellant. In that case the application contained promises as to future acts and conduct of the insured, and the only authority cited was *Bobbitt v. Liverpool etc. Globe Ins. Co.*, 66 N. C. 70, 8 Am. Rep. 494,

where the application contained a promise as to future acts. Such promises constitute an agreement on the part of the assured to be performed in the future, and are conditions precedent, the performance of which must be alleged by the plaintiff, either specifically or by the general allegation that he has performed all the conditions on his part. But this question we regard as settled by the case of *Cowan v. Phoenix Ins. Co.*, 78 Cal. 181, where the court, speaking of warranties *in presenti*, that is, of past or existing facts, said (at page 185): "Where there is nothing in the representation or statement to be performed by the plaintiff, there is no necessity of setting forth such representation or statement. Whereas, in the case of a promissory warranty, the assured has warranted that he will do something during the existence of the risk, the requisition of averment of such stipulation and of its performance is required." (See, also, *Herron v. Peoria etc. Ins. Co.*, 28 Ill. 238; 81 Am. Dec. 272.)

We find no error which would justify a reversal of the judgment and order appealed from, and advise that they be affirmed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Fleet, J., Garoutte, J., Harrison, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.