PITCHCOCK v. DONNAHOO.

Opinion delivered January 4, 1902.

CONTRACT—SERVICE OF STALLION—FEE.—Where a contract for a stallion's service provided that the fee should become due whenever the mare became in foal or was traded, the fee became due when the mare was sold during the period of gestation, though at the time of sale it was known that she was not with foal.

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

STATEMENT BY THE COURT.

This suit was brought to enforce a lien on a mare for the service of a stallion. The right to recover and to a lien was denied; it being alleged that the services were by insurance contract, and that the mare was not with foal. The plaintiff showed the service and its value, and stated that the service was rendered under a notice which was "all the contract there ever was." The notice contained this clause: "Fee insurance, $8. The usual lien for services will be reserved on mares, and fees due when mares are foaled or traded." The plaintiff testified that he did not consent for the mare to be sold.

The defendant acknowledged the service and the price to be paid therefor, but testified that there was to be no charge unless the mare was in foal. He also testified that the fee was due when the colt came or the mare was traded, and that appellee consented to the sale. The mare was sold about eight months after the service, and she was not with foal when sold.

The appellants asked the court to declare the law as follows: "Where the fee for the services of the horse is by insurance, the owner of the mare may sell her after it is ascertained that she is not with foal, and in such case the mare is not liable for the fee, and the plaintiff cannot recover." This was refused, and the court declared the law as follows: "When a mare is put to a horse under a contract that the fee is due when the colt comes or the mare is

traded, although it is a contract by insurance, the fee becomes due, and can be enforced against the mare, if the mare is traded before the time for the colt to come."

*Murphy & Mehaffy,* for appellants.

The contract was one of insurance, and the court erred in refusing to declare the law as asked by appellant and in declaring it as it did. 109 Ind. 71; 2 Pars. Cont. 522, 525-7.

*J. H. Carmichael,* for appellee.

On sale of the mare, the lien became enforceable. Sand. & H. Dig., §§ 4811, 4812. *Cf.* 109 Ind. 12; 51 Me. 69. The owner of a male had a lien for his services, at common law. 2 Bl. Comm. 390; 4 M. & W. 270; 32 Am. Rep. 323. Like any other contract of insurance, a change of title would defeat the insurance. 62 Ark. 348; 58 Ark. 277; 67 Ark. 553.

WOOD, J., (after stating the facts.) The court, sitting as a jury, was justified in finding and declaring the contract one of insurance upon condition. The service was rendered with the assurance that there should be no charge unless there was a foal, provided the owner of the mare did not sell or trade her during the period of gestation. The statute provides a 'lien from the time of service, which shall not be lost by reason of any sale, exchange, removal, or other disposition of the animal served, without the consent of the owner of the lien. But upon such disposition of the animal the lien may be immediately enforced. Section 4811, Sand. & H. Dig. The court was warranted in finding no waiver of the lien, or of the time for its enforcement under the statute. The proof makes a case similar to that of *Cummins* v. *Peed,* 109 Ind. 71, 9 N. E. 603.

Affirmed.