WEBB *v.* SMITH.

Opinion delivered April 30, 1928.

*Walter L. Pope,* for appellant.

MEHAFFY, J. This action was begun in the justice of the peace court in Randolph County, was appealed to the circuit court, and, after the evidence was introduced, the court directed a verdict for the appellee. Motion for a new trial was filed, overruled, and exceptions saved, and appeal prayed and granted.

The appellee testified in substance: That appellant's two mares were bred to appellee's jack, and that the fee was $10 each; that he had a notice on the barn door reading: "Terms $10 to insure a living colt. If mare is traded after service, fee becomes immediately due."

The appellant testified that there was no notice on appellee's barn, and that the only contract he had with appellee provided that appellee would guarantee a living colt, and, if a living colt was born, the fee would be $10 for each colt. He proved that the mares did not get in foal at all, and several months afterwards he traded the mares. Appellant did not claim that he had appellee's consent to trade the mares.

Tim Knotts, who traded for the mares, testified that they were not in foal and they never did get in foal.

The appellant asked the court to give the following instruction:

"You are instructed that, if you find that the contract between the plaintiff, Smith, and the defendant, Webb, was that the plaintiff guaranteed a living colt born to each mare, and that this was the only contract between them, and if you further find that the defendant's mares did not get in foal from the service by the plaintiff's jack, you will find in favor of the defendant."

The court refused to give this instruction, and directed the jury to return a verdict for the plaintiff, which was done.

This court has said, in a case where the contract was that there should be no charge unless there was a

foal, provided the owner of the mare did not sell or trade her during the period of gestation, that that justified the court in finding that the contract was one of insurance upon condition. *Pitchcock* v. *Donnahoo,* 70 Ark. 68, 66 S. W. 145.

It is true that persons could make a contract of that kind, and, if they did, each party would be bound by it. They could make a contract that the fee would be due when the mares were traded or if the mare died, or that it might become due upon the happening of any other contingency, but in the instant case the appellant testifies that there was no such contract. The appellee, to be sure, says there was a sign on his barn door announcing his terms, but the appellant testified that he did not see any notice, and that the only contract made was that the fee was to be due when there was a living colt.

If appellee's contention is correct, the party claiming the fee could bring a suit two or three years after the service if the mares were traded, although they were never in foal. It may be in this case that the contract was as testified to by appellee, but the appellant testified to a different contract, and he had the right to have the question submitted to the jury and let the jury determine whether he was correct or whether the appellee was correct.

"Where a contract for service of a stallion insures conception, but provides for the payment of the fee when the mare 'foals or is traded,' the fee is due and collectable when the mare is sold during the ordinary period of gestation, although she is known to be with young, the sale operating to forfeit the insurance." 3 C. J. 48.

But the appellant testifies that this was not the contract that he made. And they had a lawful right to make the contract that appellant says was made, and it was the duty of the court to submit the question to the jury, and the instruction requested by appellant was proper.

In the case of *Snyder* v. *Slatton,* 92 Ark. 530, 123 S. W. 640, the court said: "The uncontroverted testimony shows that J. P. Step sold the mare to William Snyder,

and the court holds that this amounted to trading the mare." And the court further said in that case that, under the undisputed evidence in the case, therefore the mare was traded, and the debt was due.

The facts in the above case were, as stated by the court, that, under the contract, a colt was insured, and that the debt was due when that fact was ascertained or when the mare was traded. That was the uncontroverted proof in that case. That is not the proof in the instant case.

The Supreme Court of Indiana said, in a case involving a contract of this kind:

"Appellees 'insured' the mares to get with foal; but it was also agreed between them and Moddy, the decedent, that, if he parted with the ownership of the mares before the expiration of eleven months from the date of the service of the horse, he should forfeit the insurance, and pay the agreed sum of $40. Within the eleven months Moddy died, and the appellant, as executor, sold the mares. * * * The insurance or warranty on the part of appellees was conditional, the condition being that Moddy should not part with the ownership of the mares before the expiration of eleven months from the date of the service of the horse. It is not clearly apparent why this condition was annexed, nor how it could be of much importance, but it was a condition which the parties had a right to couple with the insurance, and one therefore by which they and their representative were and are bound. * * * The stipulated condition has not been complied with, and that releases appellees from their insurance. Moddy might have stipulated that the condition be dispensed with in the event of his death, but he did not do so." *Cummings* v. *Peed,* 109 Ind. 71, 9 N. E. 603.

In the case at bar the appellee could have declined to make any contract unless appellant would agree to his conditions, and, if he did, appellant would have been bound. If the contract was that the fee was to be due when the mares were traded, then it would be immaterial whether they were with foal or not, but, if the contract

was as contended for by appellant, then he would owe nothing.

The court therefore erred in its refusal to give the instruction requested by appellant, and for this error the judgment is reversed, and the case remanded for new trial.