[Civ. No. 8797.   Second Appellate District, Division One.—February 8, 1935.]

MABEL A. IRVING, Respondent, v. SUNSET MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

John M. Atkinson for Appellant.

Shunk & Moroney for Respondent.

ROTH, J., *pro tem.*—On January 6, 1930, George P. Irving by his wife, Mabel A. Irving, respondent herein, made

application for a mutual beneficial insurance certificate in the sum of $3,000, in which respondent was named as beneficiary. At that time the Irvings were and had been for approximately seven years prior thereto, residing at 1226 Hyatt Avenue, Wilmington, California. The application was taken by one Rose, admittedly a soliciting agent of appellant company, who had been calling for some time on respondent enlisting her cooperation to persuade her husband to take out a certificate of insurance. Rose wrote out the answers to the questions contained in the application. No inquiry was made of respondent as to her address or that of the assured, and when Rose had completed filling in the application, respondent read and, as agent for her husband, signed the same, remarking that the questions calling for the name and address of her husband had been left unanswered. Rose responded he would fill these out later. Subsequently a certificate which made the application therefor a part thereof, was issued in the name of respondent's husband setting forth the address, as above stated, except that Long Beach was substituted for Wilmington. This error remained unobserved by the insured until a notice of assessment was received, which originally had been addressed to Long Beach from which place it was forwarded to Wilmington, the correct address. The mistaken address was then called to Rose's attention, who said it was his inadvertence and that he would take it up with the president of the company and have the address corrected. At that time Rose said that as he resided in Long Beach, the same place where the president resided, it would be convenient for him to cause the error to be rectified, and that he had handled similar situations on other certificates in the same manner. He further stated that it was not necessary to have the change made on the certificate, it being important only that the change be made on the books of the company. The assessment called for by the notice erroneously addressed was paid.

The court found that Rose did see the president of the company, called the error to his attention and was in turn assured by the president, who made a memo of the correct address, that the records of the company would be corrected. This correction, however, was never made. Thereafter a subsequent notice of assessment was mailed to the assured at

the incorrect address. It was never received and never brought to the attention of the assured, and it was never paid. The assured died May 21, 1930. Respondent offered to furnish appellant company with proof of death, and appellant denied liability, claiming that the certificate had been forfeited. The pertinent provisions of the certificate are: "Failure on the part of the Member to pay said Semi-Annual Dues, and/or Assessments, within Fifteen days from the date of the mailing by the Secretary to the Member of a notice requesting payment of the amount specified in such notice shall forfeit all rights of said Member in the Company." And: "The Member hereby agrees to notify the Company at its Home Office in Los Angeles, California, of any change of Post Office address and it shall not be necessary for said Company to do more than mail notice of Dues and Assessments, properly stamped, to the Member at his or her last known address."

Respondent brought action on the certificate, established the facts summarized and was awarded judgment for the full amount thereof. From that judgment and an order denying a motion for a new trial and an order denying motion to vacate the judgment, appellant presents this appeal.

The basic contention of appellant upon which it denied liability, predicated its defense at the trial and which it now urges on appeal, is that statements and representations made in an application for an insurance policy, even though written by someone other than the applicant, are, when the application is signed by the applicant, warranties upon which the insurer relies. If they are untrue, then such misstatements and misrepresentations are fatal to the policy. (*Whitney* v. *West Coast Life Ins. Co.*, 177 Cal. 74 [169 Pac. 997].) This rule has been so interpreted, appellant contends, that it applies to those cases in which the insured has been guilty of no active misrepresentations or mistakes, the misrepresentations or mistakes having been in fact made by the soliciting agent, when upon the delivery of the policy to the insured such misrepresentations or mistakes are patent on its face, since under such circumstances it will be presumed that the insured read the certificate and by his silence approved the actions of the soliciting agent, thereby making the soliciting agent his agent as well as the agent of the

company. (*Goldstone* v. *Columbia Life etc. Co.*, 33 Cal. App. 119 [164 Pac. 416].) Upholding this principle, the court in *Layton* v. *New York Life Ins. Co.*, 55 Cal. App. 202, 206, 207 [202 Pac. 958], says: "Where one holds a policy, referring in apt terms to the warranties and representations contained in the application annexed, for a reasonable time, he is conclusively presumed to know the contents of the contract, and the untruthful answers plainly written in the application. He is thereby estopped to assert that he had no knowledge on the subject. . . . Even though the false answers were written by the examiners of the company without the knowledge of the assured, but the latter has the means at hand to discover the falsehood, and negligently omits to use them, he will be regarded as an instrument in the perpetration of the fraud and no recovery can be had on the policy. . . . "

We do not question the soundness of the principle urged by appellant, but it is apparent from a cursory reading of the facts that they have no application. No findings were made which charged the insured with actual or implied complicity in the mistake of the soliciting agent, or which in any way impugn the good faith of the insured, and our examination of the record does not disclose sufficient facts, in view of all the testimony, upon which any such findings could properly have been made. In any event, the trial court has settled that question and no showing has been made upon which its findings can be disturbed. Under such circumstances, different principles must be applied which are also enunciated in the Layton case where the court says at pages 205, 206 [55 Cal. App.] : "But it has been held in this state that when the insured in good faith makes truthful answers to the questions contained in the application, but his answers, owing to the fraud, mistake or negligence of the agent filling out the application, are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy. The acts of the agent, whether he is a general agent with power to issue policies, a soliciting agent, or merely a medical examiner for the company, are in this respect the acts of the company, and he cannot be regarded as the agent of the insured, even though it is so stipulated in the application . . . subject to the limitation that there must be no complicity on the part of the insured, actual or implied. The element of continued good faith enters into such transactions." To the

same effect see *La Marche* v. *New York Life Ins. Co.*, 126 Cal. 498 [58 Pac. 1053]; *Wheaton* v. *North British & Mercantile Ins. Co.*, 76 Cal. 415 [18 Pac. 758, 9 Am. St. Rep. 216]

In the case of *Lyon* v. *United Moderns*, 148 Cal. 470 [83 Pac. 804, 113 Am. St. Rep. 291, 7 Ann. Cas. 672, 4 L. R. A. (N. S.) 247], the court, quoting from Cooley's Briefs on the Law of Insurance (vol. 3, p. 2594), says as follows: ''From an examination of the cases the following propositions may be regarded as established by the weight of authority: Where the insured, in good faith, makes truthful answers to the questions contained in the application, but his answers, owing to the fraud, mistake or negligence of the agent filling out the application, are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy. The acts of the agent, whether he is a general agent with power to issue policies, a soliciting agent, or merely medical examiner for the company, are in this respect the acts of the company, and he cannot be regarded as the agent of the insured, though it is so stipulated in the application or policy.''

There can be no question that Rose, the soliciting agent, when he obtained the application and wrote in the answers to the questions was the agent solely of the appellant company. (*La Marche* v. *New York Life Ins. Co.*, *supra*, p. 502.) It is undisputed that the name and address portions of the application were unfilled at the time it was signed. It is apparent in the light of the evidence that Rose had been continuously calling at the correct address of the insured; that he felt it was unnecessary to ask the name of the insured or the address, because he knew both, and that he intended to do just as he said he would, fill out afterwards the name and address of the insured. It is also obvious that he inadvertently inserted Long Beach in lieu of Wilmington, possibly because he lived in Long Beach and completed the application when he arrived at his home. There is nothing in the evidence to indicate fraud either on the part of the agent or the insured. It is obvious, on the contrary, that neither Rose nor the insured intended to do anything to deceive the insurer. It is also clear that the mistake which occurred was the company's mistake because it was made by

the company's agent acting at that time solely for the company. (*Layton* v. *New York Life Ins. Co., supra*, p. 206.)

It will also be observed that the paragraph of the certificate requiring notice of change of address does not require such notice to be in writing. Notice is required to be given at its home office in Los Angeles. It is admitted that the insured did not give notice at the home office in Los Angeles. The court found, however, that notice was given to Rose, who in turn notified the president of the company at the president's home in Long Beach, and that the president stated that he would have the address corrected on the books of the company. In this connection, appellant urges most vigorously that Rose for the purpose of causing the correction in the address was the agent of the insured, and not that of the company, and that even considered as a soliciting agent his duties were circumscribed and that any request made to him and his reply that he would take care of it is not binding on the company any more than if the insured had sent some third party entirely unconnected with the company. Conceding arguendo that this is true, we fail to see its application. Rose was not the person who waived compliance with the strict provisions of the notice clause. It was the president of the company who made the waiver. We have no difficulty in holding that the insured complied sufficiently with the provisions of the certificate, since the proved facts show that the chief executive of the company received such notice and accepted it. There can be no question as to the right of such an executive to waive the strict provisions of the policy and accept notice in the form in which it was given. (*Berliner* v. *Travelers' Ins. Co.*, 121 Cal. 451 [53 Pac. 922]; *Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 246 [23 Pac. 869, 17 Am. St. Rep. 233]; *Mayer* v. *Mutual Life Ins. Co. of Chicago*, 38 Iowa, 304 [18 Am. Rep. 34].)

In our treatment of the appeal, we have assumed that the excerpted portions of the certificate are applicable to the facts, but it has undoubtedly been discerned that this is not a case of change of address at all. There is a real question whether the provisions of the certificate, which appellant invokes and upon which it relies, have any application to the facts. The insured resided at the same place before, at the time and after the application was signed. The insured never changed his address.

The judgment is therefore affirmed; the order denying motion to vacate the judgment is likewise affirmed, and the appeal from the order denying the motion for new trial is dismissed, since there can be no appeal from this order. (Code Civ. Proc., sec. 963.)

Conrey, P. J., and York, J., concurred.