Ana María Susoni Viuda de O'Neill y Ana Tudela de Milán de O'Neill, demandantes y apelantes, *v.* Pacific Woodmen Life Ass'n., demandada y apelada.

Núm. 6778.—*Sometido:* Diciembre 17, 1936. *Resuelto:* Mayo 21, 1937.

*Arturo O'Neill,* abogado de las apelantes; *R. Castro Fernández* y *José López Baralt,* abogados de la apelada.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

Ana María Susoni viuda de O'Neill y Ana Tudela de Milán de O'Neill, viuda y madre respectivamente de Francisco O'Neill y beneficiarias ambas en una póliza expedida por la Pacific Woodmen Life Association, establecen la presente acción contra la compañía aseguradora, reclamando el importe del seguro.

Se alega en la demanda que en 15 de diciembre de 1931 y en consideración de la suma de $32, satisfechos anticipadamente y pagaderos en 15 de diciembre de cada año, la Pacific Woodmen Life Association expidió y entregó al fenecido Francisco O'Neill una póliza de seguro marcada con el número ATE-1079325, por la cual se comprometía la demandada a entregar a las beneficiarias la cantidad de $2,000 al recibir pruebas satisfactorias de haber fallecido Francisco O'Neill. Se alega además que esa prueba fué ofrecida a la

demandada por haber fallecido el asegurado en 16 de noviembre de 1932, estando vigente el contrato de seguro, y que la compañía aseguradora se ha negado a satisfacer el importe de la póliza a pesar de haber sido requerida para ello.

Negó la demandada que hubiese expedido la póliza mencionada en consideración a la suma de $32 y que dicha suma haya sido satisfecha. También negó que el Sr. Francisco O'Neill hubiese fallecido mientras estaba vigente el contrato de seguro. Se han establecido en la contestación otras defensas especiales que nos abstenemos de mencionar por ser innecesario para la resolución de la cuestión planteada.

Practicada la prueba por parte de las demandantes, la compañía demandada presentó una moción (*nonsuit*) para que se desestimase la demanda. La corte así lo resolvió, interponiendo las demandantes el presente recurso de apelación contra la sentencia dictada.

Se alega que dicho tribunal erró al declarar con lugar la moción de *nonsuit,* toda vez que la póliza en poder del asegurado establece la presunción de haberse satisfecho la prima inicial correspondiente.

Las demandantes se limitaron a presentar como prueba en apoyo de su reclamación la póliza que había sido entregada al fenecido Francisco O'Neill. Alegó la demandada que no se había establecido un caso prima facie a favor de las demandantes arguyendo que de la póliza ofrecida como prueba aparece que el pago de la primera prima era una condición precedente a la responsabilidad de la compañía aseguradora y que este pago no ha sido acreditado por la prueba. La corte inferior opinó, de acuerdo con la demandada, que el pago de la primera póliza era una condición precedente y sostuvo que en ausencia de prueba sobre este particular debía declararse con lugar la moción presentada por la compañía aseguradora y desestimarse la demanda.

Comenzaremos por examinar los términos de la póliza para ver cuáles fueron los requisitos exigidos con respecto

al pago del primer plazo. En dicha póliza aparecen las siguientes cláusulas:

"(*a*) Esta póliza será válida únicamente después que se haya entregado y pagado la primera prima durante la vida y buen estado de salud del asegurado.

"(*b*) No se considerará como efectuado el pago de ninguna prima, a menos que éste conste en el recibo oficial de la asociación, firmado por un ejecutivo de la misma y refrendado por el agente general, agente o cajero de la misma.

"(*e*) Solamente el presidente y secretario general de la asociación tendrán derecho a modificar este contrato de seguro, y esto solamente se hará por escrito."

En la solicitud suscrita por el asegurado que por convenio de las partes se hizo formar parte de la póliza, aparece la cláusula siguiente:

"(1) Que si el primer premio del seguro solicitado no se paga en efectivo al tiempo de suscribir esta solicitud, el seguro no tendrá efecto, a menos que se entregue la póliza durante mi vida y buena salud . . ."

En la póliza expedida por la compañía aseguradora se dice que la solicitud se adhiere a dicha póliza y se hace formar parte del contrato. El asegurado convino en que la solicitud y "lo previsto por la constitución, leyes y reglamentos que actualmente rigen la asociación o que en lo futuro sean adoptadas por ella, constituirán la base y formarán parte de la póliza."

Aparentemente las cláusulas *a*, *b* y *e* de la póliza y la cláusula primera de la solicitud no establecen exactamente las mismas condiciones, porque aun cuando tienden a cubrir el mismo terreno, difieren realmente en lo que dicen.

La cláusula *a* estatuye categóricamente que la póliza no surtirá efecto hasta que la primera prima se haya pagado durante la vida y buena salud del asegurado. La cláusula primera de la solicitud, aunque establece la misma restricción, añade una excepción a la regla cuando dice: "a menos que se entregue la póliza durante mi vida y buena salud." Es

un principio claro, que no admite duda, dentro de las leyes de seguro, que cuando dos cláusulas en un contrato están en conflicto, la que favorece al asegurado debe prevalecer. Teniendo en cuenta este principio, pasamos a considerar los hechos que sirven de base a la presente acción.

Las demandantes demuestran que tuvieron la póliza en su posesión y que la misma fué entregada al finado. La conclusión legal, en ausencia de prueba, y no puede haberla de parte de la demandada tratándose de una moción de *nonsuit*, es que la alegada condición precedente quedó renunciada al entregarse la póliza al asegurado. Esto no significa necesariamente que ha debido dictarse sentencia en favor de las demandantes sin ulterior consideración del caso. La demandada puede probar en alguna forma que tal condición precedente no fué renunciada; pero las demandantes han presentado hasta ahora por lo menos un caso prima facie.

Además las decisiones, por mayoría abrumadora, sostienen que la entrega incondicional de una póliza equivale al abandono o renuncia del pago precedente de la primera prima.

*Corpus Juris* establece la regla en la siguiente forma:

"Una condición de que la póliza no surtirá efecto o de que la compañía no será responsable mientras no se haya satisfecho la primera prima, siendo para el beneficio de la compañía, puede ser abandonada o renunciada expresa o tácitamente. La renuncia o abandono puede consistir de actos, palabras o conducta demostrando una intención de parte de la compañía de abandonar o de no insistir en la condición. Ejemplos de estos actos son los siguientes: Conceder crédito por todo o parte del premio, aceptar un pagaré o pagarés por dicha prima, o la entrega incondicional de la póliza como un contrato perfeccionado y ejecutado bajo un convenio expreso o implícito de que el crédito será extendido por todo o por parte de la prima. Las anteriores reglas significan que existe un abandono del pago por adelantado en el sentido de que el seguro surte efecto inmediatamente, aunque esto no constituya una renuncia del derecho de la compañía a demandar y a recibir el premio." 32 C. J. 1136.

En *Berliner* v. *Travelers' Ins. Co.*, 53 P. 922, la Corte Suprema de California dijo:

"Los agentes generales de la demandada pueden renunciar al pago, entregar la póliza, y por lo tanto hacer un contrato de seguro válido y subsistente a pesar de la disposición de que el mismo no surtirá efecto a menos que la primera prima sea pagada mientras el asegurado se encuentre en buena salud. Esta es una regla bien establecida y no discutida. (Citas.) No se discute que la posesión de la póliza por el asegurado o por el beneficiario constituye evidencia prima facie de su entrega como tal contrato válido y subsistente. La póliza fué presentada por el demandante y admitida en evidencia y no habiendo controversia con respecto a la muerte del asegurado o en cuanto a la identidad del demandante como el beneficiario designado en la póliza, ha quedado establecido un caso prima facie y la moción de *nonsuit* fué propiamente negada. En este estado del caso, si el demandado se hubiese negado a cualquier evidencia, un veredicto en favor del demandante pudo haber sido ordenado, y si esto es así no puede decirse que el veredicto más tarde rendido carece de evidencia para sostenerlo. El peso de destruir el caso prima facie establecido por el demandante descansa en la demandada, y si la evidencia introducida después destruyó o no el caso prima facie del demandante, es una cuestión a decidir por el jurado."

En *Bankers' Reserve Life Co.* v. *Sommers*, 242 S. W. 258, la Corte de Apelaciones de Tejas dijo así:

"Con la excepción del pago por adelantado de la prima, el contrato de seguro quedó perfeccionado; por lo tanto la entrega incondicional de la póliza tuvo el efecto de una renuncia del pago por adelantado aunque dicha póliza contuviese una disposición expresa al efecto de que el apelante no sería responsable hasta que la prima hubiese sido realmente pagada en moneda corriente y en virtud de la entrega la póliza vendría a ser obligatoria, asignando al apelado, el beneficiario allí designado, todos los beneficios contratados por el asegurado, continuando tal obligación a pesar de que el apelante, bajo tales condiciones, tenía el derecho de cancelar la póliza de seguro por no haberse satisfecho la prima."

Véanse también los siguientes casos: *Ginner's Mut. Underwriters Ass'n. of Texas* v. *Pickard,* 34 S. W. (2) 641; *Aetna Life Ins. Co.* v. *Roewe,* 38 F. (2d) 393; *Triple Link Mut.*

*Indemnity Ass'n.* v. *Williams,* 26 So. 19; *American Employers' Liability Ins. Co.* v. *Fordyce,* 36 S. W. 1051; y *Wright* v. *New England Mutual Life Ins. Co. of Boston,* Mass., 163 S. E. 133. Este último caso cita con aprobación el párrafo de *Corpus Juris* anteriormente transcrito en esta opinión.

La compañía aseguradora sostiene que las demandantes han variado la teoría de su caso en apelación y copia el siguiente párrafo de la demanda en apoyo de su afirmación:

"Que en el día 15 de diciembre de 1931 y en consideración a la suma de treinta y dos dólares ($32) satisfechos anticipadamente y pagaderos el día 15 de diciembre de cada año, la Pacific Woodmen Life Association expidió y entregó al fenecido don Francisco O'Neill una póliza de seguro marcada con el número ATE–1079325, por la cual se comprometía la demandada a entregar a las beneficiarias aquí comparecientes la cantidad de dos mil dólares ($2,000) al recibir pruebas satisfactorias de haber fallecido el asegurado don Francisco O'Neill."

Las apelantes se defienden alegando que de acuerdo con la exposición del caso, los hechos en controversia versaban sobre si se había pagado o no la prima del seguro, o si estaba o no en vigor el contrato de seguro al ocurrir la muerte del asegurado.

En las páginas 3 y 4 de la exposición del caso se dice lo siguiente:

". . . a las nueve de la mañana, comparecieron ambos litigantes, las demandantes representadas por su abogado Sr. Arturo O'Neill y la demandada por el suyo, Lic. Rafael Castro Fernández, quienes manifestaron estar listos para proceder a la celebración del juicio.

"El abogado de las demandantes, a los fines de familiarizar a la Honorable Corte con las alegaciones de la demanda, procedió a la lectura de la misma, habiendo actuado de idéntica manera el abogado de la demandada respecto a la contestación.

"Luego de leídas esas alegaciones manifestó el abogado de las demandantes que los hechos en controversia eran, por tanto, los referentes a si se había pagado la prima del seguro y a si estaba o no en vigor el contrato de seguro al ocurrir la muerte del asegurado; manifestación a la cual asintió la representación legal de la demandada."

También citan las demandantes la alegación cuarta de la demanda, donde se dice que don Francisco O'Neill falleció en 16 de noviembre de 1932, mientras estaba vigente el contrato de seguro. Arguye la demandada que si se había pagado anticipadamente como se alega en la demanda la prima anual completa de $32, es una consecuencia inevitable la vigencia de la póliza. Tiene razón la parte demandada; pero también es cierto que las demandantes no necesitaban alegar en el hecho cuarto de la demanda que la póliza estaba vigente una vez satisfecho el importe de la prima anual.

La demanda establece el pago en una alegación y, en seguida, en párrafo separado, la vigencia de la póliza en la fecha en que murió el asegurado. Estas alegaciones, interpretadas liberalmente, deben subsistir. La una no es incompatible con la otra. Si el asegurado satisfizo la primera prima, es claro que la póliza estaba en vigor al ocurrir su muerte. Si no la satisfizo y se entregó la póliza al asegurado, también se establece, en ausencia de prueba en contrario, un caso prima facie a favor de las beneficiarias.

Salvo la admisión de la compañía aseguradora de que el Sr. Francisco O'Neill entregó al agente de ella en esta isla la suma de $16, las demandantes no han probado que se hubiese satisfecho el balance del importe de la primera prima; pero se ha probado la entrega de la póliza al asegurado y precisamente en este hecho hacen hincapié las beneficiarias para sostener que hubo abandono o renuncia del pago anticipado de la primera prima y que por tanto el contrato estaba vigente en la fecha en que murió el asegurado.

*Entendemos que debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Presidente Señor del Toro no intervino.