ANA MARÍA SUSONI VDA. DE O'NEILL y ANA TUDELA DE MILÁN DE O'NEILL, demandantes y apelantes, *v.* PACIFIC WOODMAN LIFE ASSOCIATION, demandada y apelada.

Núm. 7906.—*Sometido:* Diciembre 20, 1939. *Resuelto:* Abril 23, 1940.

*Arturo O'Neill,* abogado de las apelantes; *James R. Beverley, R. Castro Fernández* y *José López Baralt,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El presente caso fué iniciado en mayo de 1933 mediante demanda interpuesta por la viuda y madre del finado Francisco O'Neill, en cobro del importe de una póliza de seguro sobre su vida. En la demanda se alega que la póliza en cuestión fué expedida por la demandada ''en consideración a la suma de $32 satisfechos anticipadamente y pagaderos el día 15 de diciembre de cada año.'' La demandada negó que se hubiera expedido la póliza en consideración al alegado pago de $32; que dicha suma hubiera sido satisfecha; y, por úl-

timo, que el contrato de seguro estuviese vigente en la fecha del fallecimiento del Sr. O'Neill. Como defensas especiales la demandada alegó en substancia:

(*a*) Que la demanda no aduce hechos suficientes para constituir causa de acción.

(*b*) Que al hacer su solicitud de un seguro de vida por $2,000, el Sr. O'Neill convino en que la solicitud por él firmada y la constitución, leyes y reglamentos de la asociación aseguradora formarían parte de la póliza, ya estén impresas en la póliza o no; que el solicitante convino además que si el primer premio no se pagaba en efectivo al tiempo de suscribir la solicitud, el seguro no tendrá efecto, "a menos que se entregue la póliza durante mi vida y buena salud"; que en diciembre 15, 1931, la demandada aceptó la solicitud del Sr. O'Neill y expidió a éste una póliza en la que se hace constar que la póliza se expide en consideración a las garantías y condiciones de la solicitud, la cual forma parte del contrato "y además mediante el pago por adelantado de la suma de treinta y dos dólares y el pago de la misma cantidad en o antes del 15 de diciembre de cada año"; que la póliza provee además que "será válida únicamente después que se haya entregado y pagado la primera prima durante la vida y buen estado de salud del asegurado"; y que la póliza así expedida es nula y sin valor alguno porque el asegurado no pagó el premio convenido al tiempo de suscribir la solicitud, ni en ninguna otra fecha anterior o posterior a dicha solicitud.

(*c*) Que al recibirse en Puerto Rico la póliza de seguro, el asegurado entregó al agente de la demandada la suma de $16.64; que si se resolviese que por virtud de ese pago la póliza estuvo en vigor a pesar de no haberse pagado la primera prima de $32 estipulada, el certificado solamente estuvo en vigor por medio año, o sea hasta junio 15, 1932; y, por último, que el premio correspondiente al semestre de junio 15 a diciembre 15, 1932, nunca fué pagado y habiendo fallecido el asegurado el 16 de noviembre de 1932, en dicha fecha, de

acuerdo con las secciones 57 y 63 de la constitución, leyes y reglamentos de la demandada el contrato de seguro quedó extinguido y la póliza anulada por falta de pago.

Celebrada la vista del caso, las demandantes presentaron como única prueba la póliza de seguro. La demandada presentó moción de *nonsuit,* basándola en que la parte actora no había probado el pago del premio por anticipado. La Corte de Distrito de San Juan declaró con lugar dicha moción y dictó sentencia desestimando la demanda. Apelaron las demandantes para ante esta Corte Suprema, siendo confirmada la sentencia en abril 15 de 1936. Pedida y otorgada la reconsideración y oídas las partes, en 21 de mayo de 1937 este tribunal dictó sentencia revocando la recurrida y devolviendo el caso a la corte inferior para ulteriores procedimientos no incompatibles con la opinión emitida por voz del Juez Asociado Sr. Córdova Dávila, la que aparece publicada en 51 D.P.R. 537.

Visto el caso de nuevo, en junio 14 de 1938 la corte inferior dictó sentencia desestimando la demanda, con costas a las demandantes, sin incluir honorarios de abogado. No conformes las demandantes apelaron. Imputan a la corte sentenciadora tres errores: (1) al admitir prueba oral para desvirtuar la eficacia del contrato escrito; (2) al entender que la prueba de la demandada demostró su no renuncia de la cláusula referente al pago anticipado de la primera prima; y (3) al resolver que la póliza nunca estuvo en vigor.

El contrato de seguro entre las partes está contenido en la póliza y en la solicitud firmada por el asegurado. En la póliza encontramos la siguiente cláusula:

"Esta póliza se expide en consideración de las garantías y estipulaciones en la solicitud para esta póliza, firmada por el asegurado, copia de la cual se adhiere a esta póliza y se considera como parte del contrato, y además mediante el pago por adelantado de la suma de treinta y dos dólares y ni un centavo ($32.00) y el pago de la misma cantidad en o antes del 15 de diciembre de cada año. . . ."

. Entre las Condiciones Generales impresas al respaldo de la póliza y que son pertinentes a este pleito aparecen las siguientes:

"(*a*) Esta póliza será válida únicamente después que se haya entregado y pagado la primera prima durante la vida y buen estado de salud del asegurado.

"(*b*) No se considerará como efectuado el pago de ninguna prima, a menos que éste conste en el recibo oficial de la asociación firmado por un ejecutivo de la misma y refrendado por el agente general, agente o cajero de la misma.

"(*k*) Cualquier deuda a favor de la asociación por concepto de esta póliza, incluyendo cualquier porción no pagada del premio o premios del año en curso de la misma, será deducida de la cantidad de seguro pagadero a la muerte del asegurado."

En la solicitud suscrita por Francisco O'Neill, que forma parte del contrato de seguro, se estipula:

(1) Que si el primer premio del seguro solicitado no se paga en efectivo al tiempo de suscribir esta solicitud, el seguro no tendrá efecto, *a menos que se entregue la póliza durante mi vida y buena salud . . .*" (Bastardillas nuestras.)

Esta corte, al considerar las condiciones y la cláusula arriba transcritas, dijo:

"La cláusula *a* estatuye categóricamente que la póliza no surtirá efecto hasta que la primera prima se haya pagado durante la vida y buena salud del asegurado. La cláusula primera de la solicitud, aunque establece la misma restricción, añade una excepción a la regla cuando dice: "a menos que se entregue la póliza durante mi vida y buena salud." Es un principio claro, que no admite duda, dentro de las leyes de seguro, que cuando dos cláusulas en un contrato están en conflicto, la que favorece al asegurado debe prevalecer. . . .

"Las demandantes demuestran que tuvieron la póliza en su posesión y que la misma fué entregada al finado. La conclusión legal, en ausencia de prueba, y no puede haberla de parte de la demandada tratándose de una moción de *nonsuit,* es que la alegada condición precedente quedó renunciada al entregarse la póliza al asegurado. Esto no significa necesariamente que ha debido dictarse sentencia en favor de las demandantes sin ulterior consideración del caso. La

demandada puede probar en alguna forma que tal condición precedente no fué renunciada; pero las demandantes han presentado hasta ahora por lo menos un caso prima facie.'' 51 D.P.R. 540, 541.

¿Ha logrado la demandada destruir el caso prima facie establecido por las demandantes?

En la nueva vista del caso, la demandada ofreció el testimonio del Sr. Juan B. Huyke, quien declaró: que recuerda haberle entregado la póliza a Francisco O'Neill; que con la póliza se entrega siempre el recibo; que recuerda que el recibo que él entregó a O'Neill era de un año; que O'Neill no pagó el importe de un año; que O'Neill le encargó que pagara un semestre y que el testigo se lo notificó así al Sr. Vientós, jefe de la compañía; que al entregarle la póliza O'Neill no pagó el año y propuso pagar seis meses y pagó seis meses; que él no le dejó a O'Neill el recibo de un año porque él no pagó el año y sí un semestre.

Repreguntado el Sr. Huyke contestó: que no recuerda los detalles del caso; que él debió entregar la póliza y el primer recibo; que el recibo no se le pudo entregar porque O'Neill no pagó un año completo; que pagó sólo un semestre; que él le dejó la póliza y le llevó el dinero al Sr. Vientós para que otorgara un nuevo recibo; que no sabe si se otorgó un nuevo recibo; que no recuerda lo que habló con Vientós; que cuando él entregó la póliza al asegurado éste le dijo que no tenía ese día el dinero, que iba a pagar para quedarse con la póliza, para tener derecho a la póliza; que él le dijo ''pague lo que pueda'' y O'Neill pagó la mitad y entonces él le entregó la póliza.

En el examen redirecto, al preguntar el abogado de la demandada al Sr. Huyke si el asegurado le pagó la mitad de la prima anual o si le pagó un semestre, se opuso la parte demandante alegando que habiéndose estipulado en la póliza que el pago se haría por anualidades, y no habiendo la demandada alegado en su contestación que esa forma de pago se variara, no puede admitirse prueba para sostener una variación que no fué alegada. La corte resolvió que habiendo

el testigo contestado en la repregunta que el asegurado pagó la mitad, la parte demandada tiene derecho en el examen redirecto a preguntar qué parte de la prima fué que pagó. Se anotó la excepción de las demandantes. Siguió declarando el testigo que en su concepto pagar la mitad de la prima anual o pagar un semestre es la misma cosa; que el importe de un semestre es siempre un poco más de la mitad de la prima anual; que O'Neill le entregó $16.64; *que él no hizo convenio alguno con el asegurado para variar la forma de pago; que su impresión era que O'Neill iba a pagar el resto de la prima en pocos días.*

En la deposición que le fué tomada en Omaha, Nebraska, el Sr. John T. Yates, Secretario de la Asociación demandada en la fecha en que se expidió la póliza a Francisco O'Neill, declaró: que era secretario de la compañía y tenía a su cargo los archivos de la misma durante el período de noviembre 12, 1931, a diciembre 15, 1932; que la compañía demandada expidió una póliza a Francisco O'Neill. Preguntado el testigo si se había pagado alguna prima, la cantidad pagada y el período de tiempo cubierto por dicho pago, se opuso la parte demandante, alegando que el testigo vivía en Nebraska y no era el que había hecho el negocio y que por tanto esos hechos no le podían constar más que por referencia. La corte permitió la pregunta, tomó excepción la demandante y siguió declarando el testigo: que se había hecho un pago semianual o prima de $16.64, lo que cubrió la prima desde diciembre 15, 1931, a junio 15, 1932.

Se opuso la demandante a que se preguntase al testigo Yates si la compañía le había concedido un crédito al asegurado por el balance de la prima del primer año, por entender que al testigo sólo podía constarle tal hecho por referencia, toda vez que el negocio de la póliza se había hecho con el representante de la demandada en Puerto Rico. Resolvió la corte que el testigo podía declarar sobre lo que constára de los records de la compañía, pudiendo la parte demandante ofrecer prueba para sostener lo contrario. Tomó

excepción la parte actora y declaró el testigo: que la compañía nunca dió crédito a O'Neill por el balance de la prima; que cuando se hace una solicitud para una póliza el solicitante puede a su elección hacer los pagos anualmente, semestralmente o trimestralmente; que puede también hacer los pagos mensualmente; que al hacer su solicitud, O'Neill hizo constar que deseaba hacer los pagos anualmente, pero al entregársele la póliza hizo solamente un pago semestral de $16.64; que eso estaba permitido de acuerdo con la práctica de la demandada, pero que al hacerlo así, O'Neill quedaba obligado a pagar la prima por un semestre o por un trimestre en junio 15, 1932. Con la objeción y excepción de la demandante declaró el testigo que la demandada nunca recibió petición alguna del Sr. O'Neill para que se le diese crédito por la parte de la prima pendiente de pago o para que se le prorrogase el plazo para pagarla; que la demandada no está autorizada para dar crédito por las primas; que bajo las secciones 65 a 68 de los reglamentos de la demandada, el Sr. O'Neill podía haber pagado los plazos decaídos con el propósito de revivir el seguro, pero que no lo hizo así; que el agente de la demandada en Puerto Rico era el Sr. Vientós, quien tenía autorización para recibir solicitudes de pólizas y para recibir y remesar a la oficina central el importe de las primas sobre los seguros en vigor en la Isla; que la demandada nunca renunció a ni modificó ninguna de las condiciones de la póliza expedida a Francisco O'Neill; que el Sr. Vientós estaba autorizado para aceptar el pago de la prima por un semestre o por un trimestre o por un mes, aun cuando en la póliza se hacía constar que la prima anual debía ser pagada por anticipado; que eso no era inconsistente con las disposiciones de la póliza ni con las de la constitución, leyes y reglamentos que son parte de la póliza, pero que si eso se hacía, el Sr. O'Neill quedaba obligado a pagar otra prima o un plazo de la misma, al expirar el término por el cual él había pagado; que la demandada no tuvo conocimiento ni aviso de acto alguno de su agente en Puerto

Rico que pudiese ser considerado como una renuncia o modificación de alguna de las condiciones de la póliza o de las disposiciones de su constitución, leyes o estatutos; que tuvo aviso de su agente de que no se le había pagado la prima de un año, sino solamente la de un semestre; que esa aceptación no puede ser considerada como una renuncia o modificación de las condiciones de la póliza, por la razón de que la póliza provee que los pagos pueden hacerse por años, por semestres o por trimestres, pero que en este caso se dejaron fuera de la póliza los pagos semestrales y los trimestrales porque el Sr. O'Neill hizo constar en su solicitud que él deseaba hacer los pagos por anualidades.

Repreguntado el Sr. Yates, contestó: que de acuerdo con el informe que recibió del Sr. Vientós, la suma de $16.64 fué pagada a cuenta de la póliza al ser ésta entregada; que no tiene documento alguno que demuestre una modificación de la forma de pago; que no hubo tal modificación, puesto que el Sr. O'Neill siempre tenía el derecho de pagar por años, por semestres, por trimestres o por meses.

La demandada ofreció en evidencia un documento contentivo de la constitución, leyes y reglamentos de la compañía. Se opuso la parte demandante. La corte inferior resolvió que no habiéndose hecho constar en el cuerpo de la póliza ni unido una copia de los mismos a la póliza, el documento no podía ser admitido como parte del contrato de seguro por oponerse a ello el artículo 173 de la Ley de Seguro de Puerto Rico.

La evidencia demuestra que en el momento de presentar la solicitud el Sr. O'Neill no pagó ni la totalidad ni parte de la primera prima anual que se había comprometido a pagar; que no obstante el hecho de no haber pagado nada, el agente de la compañía, Huyke, le entregó incondicionalmente la póliza y que en ese momento el asegurado le pagó una cantidad a cuenta de la prima anual; que el agente le dijo al asegurado al entregarle la póliza "pague lo que pueda" y que entonces el asegurado pagó la mitad de la

prima; que el agente Huyke no hizo ningún convenio con el asegurado para variar la forma de pago; y que la impresión del agente fué la de que el asegurado pagaría el resto de la prima en pocos días. La deposición del Secretario de la Asociación demandada establece el hecho de que la demandada nunca renunció ni modificó ninguna de las condiciones de al póliza. [1] Debemos por lo tanto interpretar el contrato entre las partes de acuerdo con las cláusulas y condiciones de los documentos que lo integran y a la luz de los actos realizados por una y otra parte.

La mayoría de las decisiones sostienen que la entrega incondicional de una póliza equivale al abandono o renuncia del pago precedente de la primera prima. Esa renuncia o abandono puede consistir de actos, palabras o conducta de los cuales pueda inferirse que la compañía tuvo la intención de abandonar o de no insistir en la condición de pago por anticipado.

■ La entrega incondicional de la póliza hecha en el presente caso y la aceptación de una parte de la prima, sin hacer modificación alguna en los términos y condiciones de la póliza y sin advertir al asegurado que la póliza sería efectiva solamente por el término cubierto por la suma por él pagada, constituyen a nuestro juicio una renuncia de la condición (a) de la póliza. Véanse: 32 C. J. 1136; *Berliner v. Travelers' Ins. Co.*, 53 P. 922 (Cal.); *Bankers' Reserve Life Co.* v. *Sommers*, 242 S. W. 258 (Tex.); *Ginner's Mutual Underwriters Ass'n. of Texas* v. *Pickard*, 34 S.W. (2d) 641; *Aetna Life Ins. Co.* v. *Roewe*, 38 F. (2d) 393; *Wright* v. *New England Mutual Life Ins. Co.*, 163 S. E. (Mass.) 133; y Cooley's Briefs on the Law of Insurance, Vol. I, págs. 496-512.

■ Opinamos que habiendo sido entregada la póliza al asegurado, durante su vida y buena salud, sin que la compañía le exigiese el pago por anticipado y en efectivo de la primera prima y sin hacerle advertencia alguna en cuanto a la no efectividad del seguro, Francisco O'Neill quedó ase-

gurado, de acuerdo con la cláusula (1) de la solicitud anexa a la póliza, por el término de un año estipulado en el contrato; y que habiendo aceptado la compañía aseguradora el pago de parte de la primera prima y entregado la póliza, sin limitar en manera alguna la efectividad o duración del seguro y sin haber cancelado o tratado de cancelar la póliza durante la vida del asegurado, debemos resolver como resolvemos que en la fecha del fallecimiento de Francisco O'Neill la póliza objeto de esta acción se encontraba en toda su fuerza y vigor.

El efecto legal de los actos y conducta de la compañía aseguradora fué el de extender crédito al asegurado por la parte no satisfecha de la primera prima anual. El asegurado se convirtió en deudor de la compañía por la cantidad pendiente de pago. Fué para la protección de la compañía, como acreedora por la porción no pagada de la prima, que se estipuló en la cláusula (k) de las Condiciones Generales de la póliza (supra) que cualquier deuda a favor de la Asociación por concepto de dicha póliza, *incluyendo cualquier porción no pagada del premio o premios del año en curso de la misma,* será deducida de la cantidad de seguro pagadera a la muerte del asegurado.

La prueba de la demandada no destruyó el caso prima facie establecido por las demandantes.

*Por las razones expuestas debe revocarse la sentencia recurrida y en su lugar dictarse otra condenando a la Asociación demandada a pagar a las demandantes la suma de dos mil dólares ($2,000) más intereses legales al tipo de seis por ciento (6%) anual desde mayo 4 de 1933, fecha de presentación de la demanda hasta que se verifique el pago, pudiendo la demandada deducir de la cantidad total a pagar la porción no pagada de la prima estipulada por el año de seguro cubierto por la póliza. Debe imponerse a la demandada el pago de las costas, más la suma de $300 como honorarios del abogado de las demandantes.*

El Juez Asociado Sr. De Jesús no intervino.