Melanio González Burgos, demandante y recurrido, *v.* Cooperativa de Seguros de Vida de Puerto Rico, demandada y recurrente.

*Número:* RE-86-185      *Resuelto:* 30 de junio de 1986

*Delwin Vélez Santiago,* abogado de la recurrente; *Reinaldo De León Martínez,* abogado del recurrido.

El Juez Asociado Señor Ortiz emitió la opinión del Tribunal.

Melanio González Burgos era el beneficiario de una póliza de seguros. Ésta proveía para el pago del balance de la hipoteca que gravaba una propiedad del señor González Burgos si éste se incapacitaba parcial o totalmente mientras la póliza estuviera vigente y hasta tanto el beneficiario —el señor González Burgos— cumpliera sesenta años de edad, los cuales cumplió el 9 de febrero de 1982. Para esa fecha estaba trabajando, pero ya padecía de una afección renal. Ésta le produjo finalmente su incapacidad. El señor González Burgos informó a la aseguradora —Cooperativa de Seguros de Vida de Puerto Rico— que dejó de trabajar el 26 de octubre de 1982. Uno de los médicos que le atendió certificó que la fecha de la incapacidad fue el 31 de julio de 1984.

Reclama el señor González Burgos a la Cooperativa de Seguros de Vida de Puerto Rico el pago del balance de la hipoteca. Esta compañía aseguradora se negó a pagar por entender que la póliza por incapacidad permanente ya no le cubría por tener sesenta años de edad al advenir incapacitado y reclamar los beneficios de la póliza.

El tribunal de instancia resolvió a favor del asegurado al interpretar que es la causa de la incapacidad total y permanente lo que debe surgir mientras está en vigor la póliza de seguro y no la incapacidad misma, y como la cláusula pertinente era contradictoria, oscura y ambigua, la interpretó a favor del asegurado.

La aseguradora recurre ante nos para alegar que la cláusula en controversia es clara, precisa, sin contradicciones. Dicha cláusula dispone:

Se entenderá por incapacidad total y permanente una condición física que surja como resultado de accidente o enfermedad ocurrida después de emitido el seguro y cuya naturaleza sea tal que presumiblemente impedirá al deudor elegible asegurado trabajar en cualquier empleo retribuido o realizar cualquier actividad que conlleve remuneración por el resto de su vida y le prive de percibir las entradas económicas que lo cualificaron para obtener el préstamo.

*La incapacidad deberá surgir antes de que el deudor elegible asegurado cumpla los 55 años de edad si el mismo se aseguró en o después del 1ro de julio de 1975;* o antes de que cumpla los 60 años de edad si se aseguró antes de dicha fecha. (Énfasis suplido.)

Examinado el recurso de la recurrente, emitimos la siguiente orden:

El demandante-recurrido tendrá veinte días para mostrar causa por la cual no debemos expedir el auto solicitado, revocar la sentencia objeto de este recurso y declarar sin lugar la demanda por haber surgido la incapacidad del demandante después de cumplir sesenta años.

Compareció el demandante-recurrido por escrito. Sostiene que a la fecha de la adquisición de la póliza por parte del señor González Burgos la cláusula en controversia establecía:

Se entenderá por incapacidad total y permanente *una incapacidad total como resultado de accidente o enfermedad ocurrida antes de que el deudor cumpla 60 años de edad* (énfasis nuestro) y si la naturaleza de dicha incapacidad es tal que presumiblemente le impedirá trabajos en un empleo retribuido por el resto de su vida.

Entiende el recurrido que la recurrente pretende variar la expresión de la cláusula de conformidad con un documento redactado el 1ro de julio de 1975. (¹)

■ No le asiste la razón al recurrido. La enmienda hecha a la cláusula en controversia antes citada en modo alguno cambió, perjudicó o alteró los derechos del asegurado. Tampoco convirtió la cláusula en una ambigua u oscura. Siendo ello así, no es aplicable la doctrina de *Susoni Vda. de O'Neill* v. *Pac. Woodmen Life Ass'n*, 51 D.P.R. 537 (1937), citada por el tribunal. Allí había un claro conflicto entre las cláusulas pertinentes. Por eso se interpretaron a favor del asegurado.

La cláusula continuó clara en sus términos por cuanto en pólizas adquiridas con anterioridad al 1ro de julio de 1975 la incapacidad debía sobrevenir antes de cumplir los sesenta años de edad y que fuera de tal naturaleza que le impidiera al asegurado trabajar.

En el presente caso bajo cualquiera de las dos fechas, 26 de octubre de 1982 —fecha en que el asegurado informó a la aseguradora que dejó de trabajar— ó 31 de julio de 1984 —fecha de incapacidad certificada por el médico— éste tenía más de sesenta años.

---

(¹) Nueve años y tres meses después del recurrente haber adquirido su póliza.

■ Bajo las circunstancias presentes, aun siguiendo la doctrina de que los contratos de seguros, por ser de adhesión deben ser interpretados liberalmente a favor del asegurado, la cual reiteramos en todas sus manifestaciones,[2] tenemos que resolver a favor del asegurador. Las cláusulas son claras. Lo determinante es la fecha en que surge la incapacidad no la del inicio de la enfermedad.

Por las razones apuntadas, *se dictará sentencia que desestime la demanda.*

El Juez Presidente Señor Pons Núñez no intervino. La Juez Asociada Señora Naveira de Rodón concurre en el resultado sin opinión escrita.

---

[2] Véanse, entre otros, *Banco de la Vivienda* v. *Pagán Ins. Underwriters*, 111 D.P.R. 1 (1981); *Morales Garay* v. *Roldán Coss*, 110 D.P.R. 701 (1981); *Rosario* v. *Atl. Southern Ins. Co. of P.R.*, 95 D.P.R. 759 (1968).