Miranda De Hostos, Juez Ponente
*692 TEXTO COMPLETO DE LA SENTENCIA
Se recurre de una sentencia sumaria parcial dictada el 29 de enero de 1996 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la que se desestimaron todas las reclamaciones presentadas contra Federal Insurance Company ("Federal") en una demanda de terceros instada por la parte apelante Marxuach Construction Co., Inc. ("Marxuach").
Inconforme con el dictamen, Marxuach acude mediante el presente recurso de apelación donde alega la comisión de dos errores por parte del tribunal de instancia los cuales se resumen, a determinar si erró el tribunal de instancia al resolver que la obligación de resarcimiento de Marxuach Co. hacia los demandantes queda excluida de la Commercial Umbrella Liability Policy, pues según sus alegaciones son de una acción por daños y perjuicios bajo las normas generales del Código Civil; y si el lenguaje de la exclusión contenida en la póliza, según redactado por la aseguradora, es claro y no da margen a interpretaciones.
Luego de evaluados los documentos que obran en autos presentados por la parte apelante Marxuach y la parte apelada Federal, procedemos a confirmar la sentencia dictada por los siguientes fundamentos.
I
Los hechos que se presentan ante nuestra consideración para la resolución del presente recurso son los siguientes.
El señor Juan Hernández Apellaniz trabajaba como obrero en una compañía constructora propiedad de Gilberto Marxuach. El día 5 de abril de 1988, mientras realizaba sus labores diarias y alegadamente siguiendo instrucciones de su patrono, movió unas varillas de acero que contactaron un cable eléctrico, lo que le ocasionó" graves lesiones y quemaduras en sus manos y piernas. Desde qué' bcurrió este accidente de trabajo el señor Apellaniz se ha visto imposibilitado para trabajar y proveer la manutención necesaria para su familia.
El referido accidente fue informado al Fondo del Seguro del Estado el cual le brindó tratamiento al obrero lesionado. No obstante, el día 5 de mayo de 1989 el Administrador de esa institución le notificó al obrero que Marxuach era un patrono no asegurado pues no tenía vigente su póliza de seguro obrero-patronal a tenor con la Ley de Compensaciones por Accidentes del Trabajo.
A raíz de esta situación, el 4 de mayo de 1990, el señor Hernández Apellaniz instó una demanda en daños y *693 perjuicios contra Marxuach reclamando la cantidad de $1,200,000.00 por la negligencia del patrono al requerirle trabajar en un área riesgosa sin protección ninguna.
Con fecha del 12 de junio de 1992 Marxuach contestó la demanda negando fundamentalmente las alegaciones y a su vez presentó una demanda de tercero contra Federal. La mencionada compañía tenía expedidas dos pólizas de seguros a favor de Marxuach para la fecha del accidente, por lo cual esta última pretendía que Federal le respondiera directamente a ella ante la eventualidad de que el señor Apellaniz prevaleciera en sus contenciones. Alegó además en su demanda contra tercero que Federal se negó a proveerle cubierta, en contravención al contrato de seguros suscrito entre las partes.
Para el 26 de agosto de 1992 Federal contestó la demanda de tercero alegando principalmente que la misma debía ser desestimada toda vez que las pólizas GLP (89)7310-82-22 y (88) 7963-13-99 expedidas por ésta no proveían cubierta para los hechos contenidos en la demanda. Adujo que las pólizas tenían una cláusula de exclusión que específicamente dejaba fuera de su responsabilidad reclamaciones por lesiones corporales que surgieran de la obligación de un asegurado de suscribirse a los seguros de compensación obrero-patronal, compensación de seguro por desempleo o por beneficios por incapacidad que fueron requeridos por ley y otras leyes similares.
Marxuach instó una moción de sentencia sumaria aceptando que limitaba su reclamo a las cláusulas contenidas en una de las pólizas titulada Commercial Umbrella Liability Policy la cual por ser una tipo todo riesgo, debía cubrir los daños suscitados y por considerar que la exclusión antes descrita no era aplicable en este caso.
Posteriormente, Federal presentó réplica a la misma y moción de sentencia sumaria para establecer que la exclusión contenida en la póliza objeto de esta controversia era clara y no daba margen a interpretaciones que violentaran obligaciones contraídas al amparo de la ley.
El tribunal de instancia señaló para discusión ambas mociones de sentencia sumaria y el 29 de enero de 1996 ■ dictó sentencia sumaria parcial en la que desestimó en su totalidad las reclamaciones de Marxuach en contra de Federal.
De dicha sentencia se recurre ante nos mediante recurso de apelación presentado el día 5 de marzo de 1996.
n
Acorde a los hechos antes esbozados los cuales no están en controversia, analicemos el derecho aplicable a la causa de acción ante nos según lo alegan las partes. En primer lugar, procedemos a reseñar los principios generales que rigen la interpretación de los contratos de seguros.
El Artículo 11.250 del Código de Seguros de Puerto Rico, 26 L.P.R.A. see. 1125, dispone que la interpretación de los contratos debe hacerse globalmente, a base del conjunto de sus términos y condiciones, según se expresa en la póliza. Sus términos deben ser tomados y entendidos en su acepción popular y ordinaria buscando el sentido o significado que a las palabras de la póliza le daría una persona normal de inteligencia promedio. PFZ Properties, Inc. v. General Accident Insurance Co., P.R. Ltd., opinión de 7 de septiembre de 1994, 94 J.T.S. 116, pág. 121; Morales Garay v. Roldán Coss, 110 D.P.R. 701, 706 (1981); Couch, George James, Cyclopedia on Insurance Law, Second Edition, Volume 2A, 1984, pág. 369.
En nuestra jurisdicción, el Art. 1240 del Código Civil, 31 L.P.R.A. see. 3478, dispone que "[L]a interpretación de las cláusulas obscuras de un contrato no deberá favorecer a la parte que hubiese ocasionado la obscuridad. Esta norma opera de manera más rigurosa en el caso de los contratos de seguros por ser contratos de adhesión. Donde exista ambigüedad, las cláusulas de las pólizas de seguro se interpretan rigurosamente en contra del asegurador, y liberalmente a favor del asegurado." Ramos v. Ortiz Rollet, opinión de 13 de febrero de 1995, 95 J.T.S. 18, pág. 652; Meléndez Piñero v. Levitt & Sons of Puerto Rico, Inc., opinión de 13 de diciembre de 1991, 91 J.T.S. 95, pág. 9055. Por otra parte, las cláusulas de exclusión no son favorecidas y las mismas se interpretan a favor del asegurado. Marín v. American International Ins. Co. of P. R., *694 opinión de 28 de octubre de 1994, 94 J.T.S. 132, pág. 347; Pagán Caraballo v. Silva Ortiz, 122 D.P.R. 105, 110-111 (1988).
Esta norma de interpretación restrictiva, no tiene el efecto de obligar a que se intérprete a favor del asegurado una cláusula que claramente y sin ambigüedad le da la razón al asegurador a pesar de las inferencias que parezcan surgir de las demás cláusulas. González v. Coop. Seguros de Vida de P.R., 117 D.P.R. 659, 661 (1986). Si el lenguaje del contrato de seguros es explícito, no queda margen a interpretaciones que menoscaben obligaciones contraídas al amparo de la ley, debiendo las partes atenerse a lo acordado por ellas sin contravenir el interés público existente sobre esta clase de negociaciones. Rivera v. Insurance Co. of P.R., 103 D.P.R. 91, 94 (1974); Couch, op. cit., Vol. 2, págs. 242-253, 276-278.
De otra parte, la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 1 et seq., concede inmunidad contra acciones de daños y perjuicios por accidentes laborales a los patronos asegurados con el Fondo. Santiago Hodge v. Parke Davis Co., opinión de 21 de marzo de 1990, 90 J.T.S. 42, pág. 7597. Dicha ley establece como política pública un sistema de seguro compulsorio y exclusivo, para compensar a los empleados que sufran lesiones, se inutilicen o mueran como consecuencia de un accidente del trabajo. Ortiz Pérez v. Fondo del Seguro del Estado, opinión del 31 de octubre de 1994, 94 J.T.S. 133, pág. 354. Por vía de excepción, se autoriza al obrero perjudicado o sus beneficiarios a instar una acción por daños y perjuicios en la eventualidad de que el patrono no tenga vigente sus pólizas o no esté asegurado con dicha institución. Art. 15, supra, 11 L.P.R.A. sec. 16. Esta acción aunque de naturaleza excepcional, se rige principalmente por las normas generales del Código Civil. Vega Lozada v. J. Pérez & Cía., Inc., opinión de 11 de abril de 1994, 94 J.T.S. 56, pág. 11805; Rosario Rivera v. Ramos, 105 D.P.R. 114, 118-119 (1976); Brau del Toro, Herminio M., Los Daños y Perjuicios Extracontractuales en Puerto Rico, Publicaciones J.T.S., 1986, pág. 954.
ni
En atención a los anteriores principios consideremos el ámbito de la póliza de seguro (88) 7963-13-99, Commercial Umbrella Liability Policy expedida por Federal a favor de Marxuach. Dicha póliza cubre la responsabilidad impuesta por ley o asumida por contrato, sujeto a las limitaciones, exclusiones, condiciones y definiciones contenidas en la misma.
En particular, la póliza contiene la siguiente cláusula de exclusión pertinente a la controversia ante nos la cual dispone:

"This policy shall not apply:

A. To any obligation for which the insured or any company as its insurer may be held liable under any Workmen's Compensation, Unemployment Compensation. Disability Benefits Law, or under any similar law provided, however that this exclusion does not apply to liability of others assumed by the insured as an incidental part of a contract or agreement." (Enfasis suplido.)
Alega y fundamenta Marxuach en su recurso, que la causa de acción para reclamar el resarcimiento de daños instada en su contra por el señor Apellaniz, surge de una acción en daños y perjuicios por negligencia según el Art. 1802 del Código Civil y no por su incumplimiento a la Ley de Compensaciones por Accidentes del Trabajo al ser un patrono no asegurado, por lo cual dicha reclamación debía ser cubierta por la póliza en cuestión. No le asiste la razón por lo siguiente.
En el presente caso la causa de acción surge por unas alegadas lesiones corporales sufridas por Hernández Apellaniz mientras realizaba gestiones de su empleo, por órdenes impartidas por su patrono. De permitirse lo alegado por Marxuach, se menoscabaría el principio compulsorio de la Ley de Compensaciones por Accidentes del Trabajo y la política pública que ésta dispone, ya que el patrono con una póliza de seguro privada estaría asegurado sobre riesgos de accidentes del trabajo. De otra parte, la póliza de seguro (88) 7963-1399 de manera clara y libre de toda ambigüedad dispone que las responsabilidades y obligaciones que surjan de acciones que tienen que estar cubiertas por la Ley de Compensaciones por Accidentes del Trabajo o leyes similares, están *695 categóricamente excluidas de la cubierta. Por lo cual Federal, según la póliza de seguro, no viene obligada a proveer cubierta para los alegados daños reclamados.
A tono con lo anteriormente expuesto, y en vista de la situación de hechos ante nuestra consideración, concluimos igual que el tribunal de instancia, que del propio lenguaje del contrato de seguros se desprende que la póliza expedida estaba sujeta a sus propios términos y condiciones, y que los daños reclamados estaban expresa y claramente excluidos de la cubierta de Federal.
IV
Concluimos por los anteriores fundamentos, que no incidió el tribunal de instancia al desestimar la causa de acción contra Federal, por lo cual se confirma la sentencia apelada.
La juez Alfonso de Cumpiano disiente en voto particular.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.