MADELINE RODRIGUEZ GARCIA Y OTROS
Apelantes

v.

ENCYCLOPEDIA BRITANNICA, INC.
Apelada

Núm. KLAN-00-01075

San Juan, Puerto Rico, a 25 de enero de 2001

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
y los Jueces Aponte Jiménez y González Román

## TEXTO COMPLETO DE LA SENTENCIA

La Sra. Madeline Rodríguez y los demás demandantes-apelantes de epígrafe (Sra. Rodríguez, *et al.* o los demandantes-apelantes), solicitan la revocación de una sentencia del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 25 de agosto de 2000 y notificada a las partes el 1ro. de septiembre del mismo año. Mediante dicha sentencia, el tribunal apelado desestimó, con perjuicio, una demanda en cobro de dinero y

daños presentada por la Sra. Rodríguez, *et al.* contra las compañías Encyclopedia Britannica USA y Encyclopedia Britannica, Inc. (Britannica). Por los fundamentos que se expondrán a continuación, se confirma la sentencia apelada. Britannica es una compañía publicadora de enciclopedias cuyas oficinas se encuentran en Chicago, Illinois. Según surge de los autos, esta compañía entró en el mercado puertorriqueño en el año 1983, hasta junio de 1997, cuando decidió cesar sus operaciones en la isla.

El 9 de junio de 1999, la Sra. Rodríguez, *et al.* presentó una demanda alegando que a los demandantes de epígrafe, quienes en el pasado se desempeñaban como *"contratistas independientes"* de Britannica, se les debían ciertas sumas de dinero por concepto de comisiones por obtención de órdenes para las publicaciones de dicha compañía. Por este concepto, la Sra. Rodríguez, *et al.* también le reclamó a Britannica daños por sufrimientos y angustias mentales. En la demanda se alegó, además, que Britannica había terminado ilegalmente los contratos de los demandantes-apelantes *"antes del 1ro. de octubre de 1997"*. Por este concepto, también se reclamó compensación por angustias mentales.

El 16 de agosto de 1999, Britannica contestó la demanda, alegando, inter alia, que la Sra. Rodríguez, *et al.* estaba impedida contractualmente de presentar la acción y que la misma estaba prescrita, según los contratos suscritos entre las partes. El 18 de noviembre de 1999, Britannica presentó una moción de desestimación alegando que la causa de acción de la Sra. Rodríguez, *et al.* había prescrito conforme al término prescriptivo de seis (6) meses contenido en los contratos entre las partes. En la alternativa, Britannica alegó que, a tenor con una cláusula de selección de foro presente en todos los contratos, la demanda tenía que presentarse en el estado de Illinois y no en los tribunales del Estado Libre Asociado de Puerto Rico.

El 11 de febrero de 2000, la Sra. Rodríguez, et al. presentó una oposición a la moción de desestimación. En la misma se alega, esencialmente, que los contratos con Britannica eran de adhesión; que estaban redactados en inglés, idioma en el cual *"no eran expertos"*; que los contratos eran *"de empleo"*; que la cláusula de prescripción en 6 meses constituye *"un relevo y/o renuncia de derechos"* nula; y que la cláusula que le confiere jurisdicción a las cortes de Illinois, no necesariamente se la niega a las de Puerto Rico. Mediante réplica de 28 de marzo de 2000, Britannica trajo evidencia de un caso muy parecido presentado en el Tribunal Federal, Distrito de Puerto Rico. Dicho tribunal desestimó con perjuicio un caso incoado por otro ex-representante de ventas de Britannica, Sr. Heriberto Silva, quien alegaba que la cláusula de selección de foro era inválida. Citando jurisprudencia federal y puertorriqueña, el tribunal expresó que las cláusulas de selección de foro son válidas, *prima facie.* Los demandantes-apelantes de epígrafe intentaron ser partes en aquel caso; sin embargo, no cumplieron con ciertos requisitos jurisdiccionales de cuantía, por los que se les desestimó el caso, sin perjuicio.

El tribunal apelado pautó una vista argumentativa y evidenciaria para el 12 de mayo de 2000. Ambas partes comparecieron ese día; sin embargo, el tribunal no se encontraba en posición de atender el caso. Por ello, tras el acuerdo de las partes y con la venia del tribunal, la vista se reseñaló para el 23 de junio de 2000.

A la vista del 23 de junio de 2000, sólo comparecieron los representantes legales de Britannica. La Sra. Rodríguez, *et al.* no excusó su incomparecencia. Así, el tribunal dio por sometido el asunto a base de los contratos en el récord y los escritos presentados por las partes. Tras formular sus determinaciones de hechos y conclusiones de derecho, el tribunal apelado declaró con lugar la moción de Britannica, desestimando con perjuicio la acción instada por la Sra. Rodríguez, *et al.* El Tribunal estimó que aunque ciertamente los contratos entre las partes eran de adhesión, las cláusulas de éstos, incluyendo las controvertidas, eran claras y libres de ambigüedades. Por ello, lo que procedía era aplicarlas, toda vez que no existe en el ordenamiento ninguna causa legal o de orden público que prohibiera pactar un término cierto de prescripción o preestablecer un foro para la resolución de disputas surgidas bajo los contratos.

Inconforme, el 2 de octubre de 2000, la Sra. Rodríguez *et al.* presentó un escrito de apelación en donde alegó, esencialmente, que el foro *a quo* erró al validar la cláusula de un contrato de adhesión que *"acortó"* el término prescriptivo de quince (15) años a seis (6) meses; al no proteger *"el derecho constitucional a empleo"*

de los ex-representantes de ventas apelantes; y al concederle validez a la cláusula de selección de foro. El 29 de noviembre de 2000, Britannica presentó su alegato responsivo. Nos encontramos en posición de resolver. Procedamos al derecho aplicable.

Al igual que cualquier contrato, lo pactado entre Britannica y sus representantes de ventas constituye la ley entre las partes, siempre que concurran las condiciones esenciales para la validez del mismo. Artículo 1230 del Código Civil, 31 L.P.R.A. § 3451. Los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre que no sean contrarios a las leyes, a la moral, ni al orden público. Artículo 1207 del Código Civil, 31 L.P.R.A. § 3372.

Como correctamente determinó el tribunal apelado, los contratos pre-redactados de Britannica con sus representantes de ventas son pactos de adhesión, que deben interpretarse en favor del contratante débil. *Zequeira v. Corporación de Renovación Urbana y Vivienda*, 83 D.P.R. 878 (1961). No obstante, cuando el lenguaje de un contrato es claro, explícito y libre de ambigüedades, no queda margen para interpretaciones que violenten obligaciones contraídas al amparo de la ley y que contravengan lo acordado por las partes, irrespectivamente de que el contrato sea de adhesión. *González v. Coop. Seguros de Vida de P.R.,* 117 D.P.R. 659 (1986); *Rivera v. Insurance Co. of P.R.,* 103 D.P.R. 91 (1974).

El caso de autos, es uno donde el tema de la prescripción es de central importancia, toda vez que lo que se impugna primordialmente es una cláusula contractual que alegadamente "*acorta*" el derecho a un término prescriptivo de quince (15) años. Como se sabe, los artículos 1830 al 1839 del Código Civil, 31 L.P.R.A. §§ 5241-5250, establecen en nuestro ordenamiento la figura sustantiva de la prescripción. *Vega Lozada v. J. Pérez y Cía.,* 135 D.P.R. 746 (1994). Hoy nos ocupa la prescripción extintiva; es decir, la extinción de derechos y acciones por el transcurso de un período de tiempo acordado o fijado estatutariamente.

La cláusula de los contratos de Britannica que alegadamente "*acortó*" el término prescriptivo de 15 años, lee como sigue:

*"[...] In addition, any action or suit relating to this Agreement must commence no more than six (6) months after the date of termination or the date after the dispute arose, and the Representative waives any statute of limitation to the contrary."* █

De entrada, debemos reiterar que es incorrecta la alegación de la Sra. Rodríguez, *et al.,* en el sentido de que la cláusula "*acortó*" el término de prescripción aplicable. La prescripción de 15 años establecida en el Art. 1864 del Código Civil, *supra*, aplicable a las acciones personales *ex contractu*, rige cuando no se ha dispuesto legal o contractualmente un término diferente. En el caso de autos se pactó un término prescriptivo de seis (6) meses para instar acciones relacionadas al contrato. Dicha cláusula no contravino la ley, la moral o el orden público. La situación del caso de autos es distinguible de lo reseñado recientemente en *Luán Investment Corp v. Rexach Construction Co.,* __ D.P.R. __ (2000), **2000 J.T.S. 196**. En aquel caso, el Tribunal Supremo expresó que es nula la modificación o renuncia del plazo decenal único para responsabilizar a los contratistas y arquitectos por vicios de construcción. (Art. 1483 del Código Civil, 31 L.P.R.A. sec. 4124). Tal modificación o renuncia es contraria al orden público expresado en el interés del Estado de proteger a los consumidores "*de todas las complacencias de un arquitecto despreocupado para con un dueño codicioso*". *Luán Investment Corp v. Rexach Construction Co., supra,* a la pág. 550. En el caso de autos no están presentes tales consideraciones de orden público.

De la faz del contrato surge claramente que las partes acordaron un término prescriptivo de seis (6) meses. Ese término de 6 meses contractualmente convenido es el aplicable. No procede aquí la interpretación a favor de la parte débil, ordenada por la doctrina de los contratos de adhesión, toda vez que no podemos colegir oscuridad, ni confusión alguna en el lenguaje plasmado en el contrato. No hay controversia sobre el hecho que la controversia de autos se originó, según admite la Sra. Rodríguez, *et al. "antes del 1ro. de octubre de 1997".*

Tampoco hay controversia sobre el hecho de que la demanda se presentó el día 9 de junio de 1999. Es evidente que la demanda no se instó seis (6) meses después de surgida la controversia. Por ello, a tenor con el contrato entre las partes, sólo podemos concluir que la causa de acción bajo el contrato se extinguió por prescripción.

En cuanto a las cláusulas de selección de ley y foro, █ cabe recordar que nuestro Tribunal Supremo ha expresado que seleccionar de antemano la ley que se utilizará para interpretar el contrato y el foro en el cual se podrá instar la acción, son actos jurídicamente válidos. Véanse, *Walbourg v. Tribunal Superior*, 104 D.P.R. 184 (1975), y *Unisys v. Ramallo*, 128 D.P.R. 842 (1991); véase además, *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).

Siendo claras las cláusulas de los contratos de Britannica, no existe en nuestro ordenamiento norma alguna de hermenéutica que requiera la anulación de un contrato por la mera alegación de la parte débil de que no es *"experta en el idioma inglés"*. *Cf. Roldán Medina v. Serra*, 105 D.P.R. 507 (1976). En cualquier caso, opinamos que dicha línea de argumentación resulta un poco forzada, particularmente en un mundo como el de las transacciones comerciales, en donde el idioma inglés es el que comúnmente se utiliza. *Cf. Aponte Rivera v. Sears Roebuck de P.R., Inc.*, __ D.P.R. __ (1998), **98 J.T.S. 12**.

Antes de finalizar, es importante mencionar que los planteamientos resueltos por el tribunal de instancia versaban sobre controversias esencialmente jurídicas, no fácticas. Al no haberse cometido error de derecho, procede la confirmación de la sentencia apelada.

Por todo lo anterior, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

**ESCOLIOS 2001 DTA 105**

**1.** [...] Además, cualquier acción o demanda relacionada al presente Acuerdo tiene que iniciarse no más tarde de seis (6) meses después de la fecha de terminación del contrato o después de la fecha en que surgió la controversia, y el Representante renuncia cualquier término de prescripción que contradiga lo anterior. [Traducción nuestra.]

**2.** En lo pertinente, las cláusulas relativas a la ley y al foro de los contratos de Britannica establecen que: *"[...] Este Acuerdo se interpretará de acuerdo con las leyes del Estado de Illinois y todas las acciones relativas a este Acuerdo serán instadas en el Estado de Illinois."* [...] [Traducción nuestra.]